[No. 18087. *En Banc.* March 4, 1925.]

HILL SYRUP COMPANY, *Respondent,* v. MARINE NATIONAL BANK, *Appellant.*[1]

CORPORATIONS (160)—ESTOPPEL (35-1)—REPRESENTATION BY OFFICERS OR AGENTS—PAYMENT OF PERSONAL DEBTS—NEGLIGENCE—TWO INNOCENT PARTIES. Where a corporation for years permitted its president to maintain a single bank account for the company and himself, which he used for his personal benefit, paying all his personal obligations with company checks, it is estopped to recover company money so paid out, since its negligence in permitting the practice to be initiated and continued contributed to the loss (overruling on rehearing Id., 128 Wash. 509).

PARKER, BRIDGES, MACKINTOSH, and MITCHELL, JJ., dissent.

Appeal from a judgment of the superior court for King county, Hall, J., entered February 9, 1923, upon findings in favor of the plaintiff, in an action for money received, tried to the court. Reversed.

[1]Reported in 233 Pac. 668.

*Shorts & Denney* and *Herr, Bayley & Croson,* for appellant.

*James R. Chambers* and *W. Z. Kerr,* for respondent.

*Donworth, Todd & Higgins, Chadwick, McMicken, Ramsey & Rupp, Peters & Powell, Bausman, Oldham & Eggerman,* and *Grinstead, Laube & Laughlin* (*Hyman Zettler,* of counsel), *amici curiae.*

## On Rehearing.

Holcomb, J.—This case was decided and reported in 128 Wash. 509, 223 Pac. 595. A statement of the facts and issues is very fully set out in that opinion and will not be repeated here.

A majority of the court, including the writer, who joined in that opinion, are now convinced that the decision affirming the judgment of the lower court was wrong. Certain questions of law were correctly decided, but one principal proposition was erroneously decided.

Among other things, it was there said that,

"Viewed from any angle, it seems to us that Sander never acquired any authority, express or implied, to use any of the funds of the company to pay any of his personal debts, if, indeed, such authority could, under any circumstances, be given to him by the trustees of the company. Besides, the bank never had any suggestion of any such authority on the part of Sander, nor even any claim of such authority on his part, other than as evidenced by the face of the three checks against the funds of the company given by him to the bank to apply upon his personal indebtedness to it. That this is not such evidence of Sander's authority to so use the funds of the company, upon which the bank had a right to rely, is rendered plain, as a matter of law, by all the authorities. The checks upon their face told the bank that it was the company's money, and not Sander's money, that it was receiving from

him towards the payment of his personal indebtedness. Our own decisions, and many of other jurisdictions, lead, we think, irresistibly to the conclusion that the company's trustees never, either expressly or impliedly, gave to Sander any authority to so use the funds of the company, and that the bank had no right to assume that Sander had any such authority. (citing cases)."

As was stated in the former opinion:

"For some time prior to January, 1921, Sander had been in the habit of paying his personal obligations with checks signed by the company by himself as president against the bank account of the company, and causing the amount thereof to be charged against himself upon the books of the company. Such issuance of the company's checks here in question in January, February and May, 1921, was but a continuance of that habit."

Having been somewhat overwhelmed with the voluminus legal discussion in the several cases before us involving transactions of the Hill Syrup Company through Sander, and the effect of the release which was much discussed in the former opinion, the court lost sight of the simple proposition that it was the negligence of the company, and not of the payees of the checks issued by Sander on the company's funds, and it was therefore the fault of the corporation in permitting the practice to be initiated and continued that contributed to the loss complained of by this respondent.

For a full discussion of that question and the decision of the majority thereon, see *Hill Syrup Co. v. Frederick & Nelson, ante* p. 155, 233 Pac. 663, written by Tolman, C. J. See, also, *Ladd & Tilton Bank v. Small,* 126 Wash. 8, 216 Pac. 862, and *Platt v. Bradner Co.,* 131 Wash. 573, 230 Pac. 633.

No further discussion is needed than that contained in the opinion of Judge Tolman, *supra,* except to add

that, assuming that it was the duty of the bank to take notice of the state of the private account between the corporation and Sander, as was stated by Judge Tolman in the *Frederick & Nelson* case, *supra,* " . . . inquiry at the company's office and examination of its books would have shown the long-continued practice. It is therefore quite immaterial whether the payee actually made the inquiry or not. . . . the payee . . . may claim the benefit of anything that inquiry would have developed."

For the reasons stated in *Hill Syrup Co. v. Frederick & Nelson, supra,* and the cases cited therein, the former Departmental opinion in 128 Wash. 509, 223 Pac. 595, is overruled and the judgment of the lower court reversed.

TOLMAN, C. J., ASKREN, and MAIN, JJ., concur.

FULLERTON, J., concurs in the result.

PARKER, J. (dissenting)—I adhere to the views expressed and conclusion reached in the former opinion appearing in 128 Wash. 509, 223 Pac. 595, and therefore dissent from this majority opinion of the court.

BRIDGES, MACKINTOSH, and MITCHELL, JJ., concur with PARKER, J.